**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALBERTO HERNANDEZ-OREGEL, ) | Case No.: 5:11-cv-05753-LHK |
| ) | Related Case No.: 5:08-cr-00166-LHK |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER GRANTING MOTION FOR |
| ) | LEAVE TO FILE MEMORANDUM IN |
| UNITED STATES OF AMERICA, ) | SUPPORT OF § 2255 PETITION; AND |
| ) | DIRECTING RESPONDENT TO |
| Respondent. ) | ANSWER |
| ) | |
| ) | |

Petitioner Alberto Hernandez-Oregel ("Petitioner") is currently serving a 90-month sentence imposed by this Court following his guilty plea conviction for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. On November 28, 2011, Petitioner, proceeding pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Petition"). *See* ECF No. 63. Petitioner argues that he was denied his Sixth Amendment right to effective assistance of counsel at his sentencing hearing, resulting in the misapplication of U.S.S.G. § 2L1.2(b)(1)(A), which provides for a 16-level enhancement for being previously deported after conviction of a crime of violence or a drug trafficking crime. In conjunction with his Petition, Petitioner also seeks leave of the Court to prepare and file a memorandum in support of his Petition.

Under 28 U.S.C. § 2255:

1

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

The Court cannot say that the motion, files, and records of the case conclusively show that Petitioner is not entitled to relief. Petitioner's claim appears cognizable under § 2255 and merits a response from Respondent. Accordingly, the Court GRANTS Petitioner's motion for leave to file a supporting memorandum of points and authorities, not to exceed 25 pages in length, within 30 days from the date of receiving this order. Any such supporting memorandum must comply with Rule 3 of the Rules Governing Section 2255 Cases, to the extent applicable. The Court further ORDERS Respondent to respond to Petitioner's claims per the schedule below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon the Respondent. The Clerk shall also serve a copy of this order on the movant.

2. Petitioner shall file with the Court and serve on Respondent, within 30 days from the date of receiving this order, a supporting memorandum of points and authorities, not to exceed 25 pages in length.

3. Respondent shall file with the Court and serve on the movant, within 90 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

Section 2255 Cases, showing cause why the Court should not "vacate, set aside, or correct the sentence" being served by the movant.

    4. If movant wishes to respond to the answer, he shall do so by filing a reply with the Court and serving it on Respondent within 30 days of his receipt of the answer.

    5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

**IT IS SO ORDERED.**

Dated: January 30, 2012

                                                LUCY H. KOH
                                                United States District Judge