**United States District Court**
For the Northern District of California

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALBERTO HERNANDEZ-OREGEL, | ) Case No.: 5:11-cv-05753-LHK |
| | ) Related Case No.: 5:08-cr-00166-LHK |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER FINDING WAIVER OF |
| | ) PRIVILEGE AND ENTERING |
| UNITED STATES OF AMERICA, | ) PROTECTIVE ORDER |
| | ) |
| Respondent. | ) (re: dkt # 69) |
| | ) |

On November 28, 2011 Petitioner Alberto Hernandez-Oregel ("Petitioner"), proceeding pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Petition"), alleging he was denied effective assistance of counsel at his sentencing hearing in violation of his Sixth Amendment rights. *See* ECF No. 63. The Court issued an Order to Show Cause on January 30, 2012, ordering Respondent to file an answer by April 30, 2012. *See* ECF No. 66.

On April 12, 2012, Respondent United States of America ("Respondent") filed the instant Motion for Order Finding Waiver of Privilege and Allowing Defense Counsel to Provide Declaration. ECF No. 69. Respondent asserts that Petitioner's counsel in the underlying proceedings, James McNair Thompson ("Mr. Thompson"), will not discuss this matter with the government absent the Court's formal finding of a waiver of attorney-client privilege. Respondent

further asserts that it is unable to prepare a response to the Petition in the absence of Mr. Thompson's input.

Good cause appearing, the Court hereby finds that by raising a claim of ineffective assistance of counsel in his § 2255 habeas petition, Petitioner implicitly waived the attorney-client privilege as to all communications with his allegedly ineffective lawyer, Mr. Thompson, pertaining to matters raised in the Petition. *See Bittaker v. Woodford*, 331 F.3d 715, 716, 718-19 (9th Cir. 2003). Accordingly, the Court ORDERS that Mr. Thompson respond to the government's discovery requests to the extent the requests pertain to the claims raised in the Petition. However, the Ninth Circuit has instructed that an implied waiver of the attorney-client privilege by virtue of raising an ineffective assistance claim in a federal habeas petition is limited in scope, and does not extend for all time and all purposes. *See id.* at 722-24. Respondent's proposed order is not narrowly tailored to ensure that the scope of Petitioner's waiver is properly circumscribed to the adjudication of his habeas petition. Therefore, rather than adopting Respondent's proposed order, the Court adopts by incorporation the protective order affirmed in *Bittaker*, which provides as follows:

> All discovery granted to respondent pursuant to respondent's motion to discover trial counsels' files and conduct depositions of trial counsel, petitioner's defense team and petitioner, shall be deemed to be confidential. These documents and material (hereinafter "documents") may be used only by representatives from the [United States Attorney's Office] and only for purposes of any proceedings incident to litigating the claims presented in the petition for writ of habeas corpus pending before this Court. Disclosure of the contents of the documents and the documents themselves may not be made to any other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this Court. This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of petitioner's criminal case, except that either party maintains the right to request modification or vacation of this order upon entry of final judgment in this matter.

*Id.* at 717 n.1; *see also id.* at 728 ("The district court was entirely justified in entering the protective order . . . ; indeed, it would have abused its discretion had it done otherwise.").

**IT IS SO ORDERED.**

Dated: April 23, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

2
Case No.: 5:11-cv-05753-LHK; Related Case No.: 5:08-cr-00166-LHK
ORDER FINDING WAIVER OF PRIVILEGE AND ENTERING PROTECTIVE ORDER